**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JEROME COAST, JR,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **VS.** | : | **CIVIL NO. 5:23-CV-429-MTT-CHW** |
| | : | |
| **STATE OF GEORGIA, *et al.*,** | : | |
| | : | |
| **Respondents.** | : | |
| _____ | : | |

**RECOMMENDATION OF DISMISSAL**

*Pro se* Petitioner Jerome Coast, Jr., an inmate currently confined in the Georgia Diagnostic and Classification Prison in Jackson, Georgia, has filed a document that was construed as a petition seeking federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 1).   On November 20, 2023, the Court ordered Petitioner to recast his Petition on the Court's standard habeas corpus form and to either pay the $5.00 filing fee or submit a complete and proper motion for leave to proceed *in forma pauperis* in this action. Petitioner was given fourteen (14) days from the date of that order to comply, and he was warned that the failure to comply with the Court's orders and instructions could result in the dismissal of his Petition.   *See generally* Order, Nov. 20, 2023, ECF No. 4.

The time for compliance passed without a response from Petitioner.   Petitioner was therefore ordered to respond and show cause why his lawsuit should not be dismissed for failing to comply with the Court's orders and instructions.   Petitioner was also ordered to

comply with the Court's November 20th Order if he wished to proceed with this action. Petitioner was given fourteen (14) days to respond, and he was again warned that the failure to fully and timely comply could result in the dismissal of this case.   *See generally* Order, Dec. 28, 2023, ECF No. 5.

The time for compliance again expired without a response from Petitioner.   As such, the Court dismissed this action without prejudice on February 8, 2024, for Petitioner's failure to comply with the Court's orders and instructions (ECF No. 6).   On April 16, 2024, however, the Court received a response to the Court's order to show cause, alleging that prison officials had been tampering with Petitioner's mail.   Given these allegations and the relevant limitations period, the Court found it appropriate to construe Petitioner's response as a motion for reconsideration and grant it.   The Court thus vacated its previous order and judgment dismissing this action, re-opened this case, and remanded it to the United States Magistrate Judge for proceedings consistent with the Court's order of referral.   In addition, the Court again directed Petitioner to recast his Petition on the Court's standard form and to either pay the Court's $5.00 filing fee or submit a motion for leave to proceed *in forma pauperis* explaining his inability to pay.   Petitioner was given fourteen (14) days from the date of the order to comply, and he was again warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of this case.   *See generally* Order, June 12, 2024, ECF No. 9.

The time for compliance has now passed, and Petitioner has again failed to comply with the Court's orders and instructions.   Petitioner has not paid the filing fee, filed a

2

motion to proceed *in forma pauperis*, or recast his Petition on the Court's standard form as he has been ordered to do on more than one occasion.   Rather, Petitioner has chosen to ignore the Court's orders—and its warnings that his Petition would be dismissed for failure to comply with those orders—and filed a premature motion for summary judgment seeking substantive relief on his habeas claims (ECF No. 10).   Because Petitioner has failed to comply with the Court's instructions and orders and otherwise failed to prosecute his claims, it is **RECOMMENDED** that his Petition be **DISMISSED without prejudice** and that his motion for summary judgment (ECF No. 10) be **DENIED as moot.**   Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (the failure to comply with a court order is grounds for dismissal in a habeas case).[1]

　　　To the extent that this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a COA.   *See* 28 U.S.C. §

---

[1] It should also be noted that it is unclear whether Petitioner has filed his Petition in the proper venue.   A state prisoner may file a habeas petition in the district where the prisoner was convicted or in the district where the prisoner is confined.   28 U.S.C. § 2241(d).   The Georgia district courts have a long-standing policy of hearing § 2254 petitions in the district where the petitioner was convicted.   *See Eagle v. Linahan*, 279 F.3d 926, 933 n.9 (11th Cir. 2001).   An online search of the Georgia Department of Corrections offender query system shows that Petitioner is currently incarcerated based on convictions from Chatham and Tattnall Counties, which are both located in the Southern District of Georgia.   *See* https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp   (searched "Coast, Jerome") (last accessed July 22, 2024).   It therefore appears likely that the proper venue for this action is in the Southern District of Georgia.   If this Petition is dismissed without prejudice, Petitioner may refile it; if he does so, Petitioner should ensure that he files his Petition in the proper district.

3

2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order).   When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's failure to prosecute and comply with the Court's orders was debatable or wrong.   *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Thus, to the extent a COA is necessary, it is also **RECOMMENDED** that Petitioner be **DENIED** a COA.   *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.   Any objection is limited in length to **TWENTY (20) PAGES**.   *See* M.D. Ga. L.R. 7.4.   The parties may seek an extension of time in which to file written

objections, provided a request for an extension is filed prior to the deadline for filing written objections.   Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.   *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 23rd day of July, 2024.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

5