UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JEROME COAST, JR., )
)
    Petitioner, )
)
v. ) CV424-169
)
STATE OF GEORGIA, *et al.*, )
)
    Respondents. )

## ORDER AND REPORT AND RECOMMENDATION

Jerome Coast, Jr. has filed a petition pursuant to 28 U.S.C. § 2254 alleging several defects in his 2016 conviction in the Superior Court of Chatham County, Georgia. *See generally* doc. 1. He originally filed his Petition in the United States District Court for the Middle District of Georgia, which, after he filed an Amended Petition, doc. 12, transferred it to this Court. *See* doc. 15. Prior to the transfer, Coast filed a document titled "2254 Motion for Summary Judgment." Doc. 14. The Court directed the Respondent to file a response to Coast's petition, doc. 18, and they complied, *see* docs. 19 & 20. The Respondent also filed a response to Coast's Motion for Summary Judgment. Doc. 22. Respondent Williams moved to dismiss the Petition. Doc. 20. Respondents the State of Georgia and Ford moved for dismissal as they assert they are not proper parties.

Doc. 23. Coast did not reply timely to either motion. *See generally* docket. Instead, he filed a "Motion for an Order Compelling Discovery," doc. 24 at 1-2, and requesting appointed counsel, *id.* at 3, and an out-of-time "Reply and Response," to the Answer, doc. 27. All of the motions are ripe for disposition.

    Coast's discovery motion may be resolved with dispatch. The Motion is meritless. It seeks production of documents apparently related to the underlying merits of Coast's criminal case. *See* doc. 24 at 1. He appears to assert "a right to discovery pursuant to Rule 34 [and] Rule 37(a) of the Federal Rules of Civil Procedure." *Id.* at 4. However, as Respondent Williams points out, doc. 25 at 2, the Rules Governing Section 2254 Cases require leave of court, upon a showing of good cause, before any discovery in a habeas case. *See* Rule 6(a), Rules Governing Section 2254 Cases. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The required "[g]ood cause is demonstrated where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Daniel v. Comm'r,*

2

*Ala. Dep't of Corrs.*, 822 F.3d 1248, 1281 (11th Cir. 2016) (internal quotation marks, alterations, and citation omitted). As explained below, Coast's Petition is time-barred. Since it is clear that Coast is not entitled to relief, he cannot show good cause for discovery, and his Motion is **DENIED**. Doc. 24, in part.

Coast is also not entitled to appointed counsel. There is no automatic constitutional right to counsel in habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Under 28 U.S.C. § 2254(h) and Rule 8(c) of the Rules Governing Section 2254 Cases (mandating appointment of counsel pursuant to 18 U.S.C. § 3006A when an evidentiary hearing is warranted), the Court has authority to appoint counsel in habeas corpus proceedings brought pursuant to 28 U.S.C. § 2254. However, such requests are discretionary with the courts, and appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Moreover, it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." *Norris v.*

*Wainwright*, 588 F.2d 130, 133 (5th Cir. 1979) (cites omitted). The Court discerns no "exceptional circumstances" warranting appointment of counsel, particularly, as explained below, because Respondent's Motion to Dismiss the Petition should be granted. Coast's request for appointed counsel is, therefore, **DENIED**. Doc. 24, in part.

Respondents the State of Georgia and Ford's Motion to Dismiss them as parties respondent is also straightforward. *See* doc. 23. As the Motion points out, the only proper respondent in a § 2254 proceeding is the state official with physical custody of the petitioner. *See* doc. 23-1 at 2. The Motion explains, and Coast does not dispute, that neither the State of Georgia nor Warden Ford is his present custodian. *See generally* doc. 27. The State of Georgia and Ford are correct. The Supreme Court has explained that "there is generally only one proper respondent to a given prisoner's habeas petition." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). Since Respondent Williams concedes that he is Coast's custodian, the State of Georgia and Warden Ford are not proper respondents. Their Motion seeking dismissal should, therefore, be **GRANTED**. Doc. 23.

Respondent Williams' Motion to Dismiss asserts that Coast's Petition is time-barred, pursuant to 28 U.S.C. § 2244(d). *See generally*

4

doc. 20-1. As noted above, Coast did not timely respond to the Motion. To the extent that the Court considers his untimely response, it does not dispute the procedural history of his state criminal case, discussed below. *See generally* doc. 27. Charitably construed, it disputes the factual basis of his conviction, which, as discussed below, was affirmed by the Supreme Court of Georgia in 2019. *See Coast v. State*, 826 S.E. 2d 78 (Ga. 2019). To the extent he responds to the arguments concerning the timeliness of his petition at all, *see* doc. 27 at 6, that response is addressed below.

Williams is correct that Coast's Petition is untimely. Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), federal habeas petitions brought under 28 U.S.C. § 2254 are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period is calculated from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That clock is stopped only by the pendency of a properly filed state collateral review proceeding. 28 U.S.C. § 2244(d)(2); *Rich v. Sec'y for Dep't of Corr.*, 512 F. App'x 981, 982-83 (11th Cir. 2013); *Nesbitt v. Danforth*, 2014 WL 61236 at *1 (S.D. Ga. Jan. 7, 2014) ("28 U.S.C. § 2244(d)(1)'s one-year clock ticks so long as the

petitioner does not have a direct appeal or collateral proceeding in play."). Hence, sitting on any claim and creating time gaps between proceedings can be fatal. *Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013); *Nesbitt*, 2014 WL 61236 at *1.  Once the one-year clock runs out, it cannot be restarted or reversed merely by filing a new state court or federal action. *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (a state post-conviction motion filed after expiration of the limitations period cannot toll the period, because there is no period remaining to be tolled); *Nowill v. Barrow*, 2013 WL 504626 at *1 n. 3 (S.D. Ga. Feb. 8, 2013); *Dixon v. Hart*, 2013 WL 2385197 at *3 (S.D. Ga. May 21, 2013); *Nesbitt*, 2014 WL 61236 at *1.

Under § 2244(d)(1)(A), a judgment of conviction becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).  As noted above, the Supreme Court of Georgia affirmed Coast's conviction on March 11, 2019. *Coast*, 826 S.E.2d at 78.  The Respondent asserts, and Coast does not dispute, that he did not file a petition for a writ of *certiorari* with the United States Supreme court within the ninety-day deadline. *See* doc. 20-1 at 5.  Coast does assert that he filed a petition for

a writ of certiorari on August 9, 2024.[1] Doc. 27 at 6. However, an untimely petition for a writ of *certiorari* does not affect the finality of his conviction. *See, e.g., Torres v. Sec'y, Fla. Dep't of Corrs.*, 2024 WL 1639178, at *4 (M.D. Fla. Apr. 16, 2024) (citing *Catchings v. Fisher*, 815 F.3d 207, 210-11 (5th Cir. 2016) ("We thus decline to read the Supreme Court's apparent practice of denying late petitions without explanation, rather than simply refusing to file them, as reviving the direct review of tardy petitions for purposes of section 2244(d)(1)(A).")). Thus, as Respondent argues, Coast's conviction became final ninety days after the Supreme Court of Georgia affirmed it, on June 10, 2019. *See* doc. 20-1 at 5 (explaining that the ninetieth day after the Georgia Supreme Court issued its opinion fell on a Sunday); *see also* Fed. R. Civ. P. 6(a)(1)(C). The one-year period to seek federal habeas relief expired, therefore, on June 10, 2020.

Coast's original Petition is undated, *see* doc. 1 at 16, and bears no legible postmark, *see* doc. 1-1 at 1. Coast asserts that he filed a habeas petition in state court, and contemporaneously in multiple federal

---

[1] That petition was denied on December 9, 2024. *See Coast v. Georgia*, ___ S. Ct. ___, 2024 WL 5011769 (U.S. Dec. 9, 2024).

7

district courts, "in September [and] October 2023." Doc. 27 at 6. Respondent has provided a copy of the state petition, filed on August 16, 2024. *See* doc. 20-1 at 5 (citing doc. 21-2). However, since those petitions were not filed until years after § 2244(d)(1)'s one-year period expired, they could not toll that period or reopen it. *See Webster*, 199 F.3d at 1259. Even if the Court assumed that the instant Petition was signature-filed as early as September 1, 2023,[2] it is still years out-of-time.

Coast's untimely petition "may still be timely if the petitioner is entitled to equitable tolling." *Aureoles v. Sec'y, D.O.C.*, 609 F. App'x 623, 624 (11th Cir. 2015) (*citing Damren v. Florida*, 776 F.3d 816, 821 (11th Cir. 2015)). "A petitioner is entitled to equitable tolling if he can demonstrate that: (1) he has pursued his rights diligently; and (2) an extraordinary circumstance prevented him from filing a timely petition." *Id.*; *see also Holland v. Florida*, 560 U.S. 631, 649 (2010). Coast's Petition does not indicate any "extraordinary circumstance" and his allegations,

---

[2] Pursuant to the "prison mailbox rule," a prisoner's pleading is deemed filed on the date he submits it to prison authorities for mailing. *See, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). The Court presumes that a pleading is submitted for mailing on the date that it is signed. *Id.* However, given that the instant Petition was not dated and there is no other evidence from which the Court might infer when it was submitted for mailing, *see generally* docs. 1 & 1-1, the Court has assumed that it was submitted on the earliest day consistent with Coast's vague allegation.

8

taken as a whole, do not indicate that he pursued his rights diligently.[3] There is, therefore, no basis to find he is entitled to equitable tolling. *See, e.g., Lugo v. Sec'y, Fla. Dept. of Corr.*, 750 F.3d 1198, 1209 (11th Cir. 2014) ("The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." (internal quotation marks and citation omitted)).

Otherwise untimely § 2254 claims may also be considered, even if the petitioner is not entitled to equitable tolling, if he can demonstrate that a fundamental miscarriage of justice has occurred; that is where "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (internal quotes omitted)). The actual innocence exception "is exceedingly narrow in scope," and, to invoke it, the petitioner must (1) present new reliable

---

[3] The operative Petition asserts several bases why his Petition is not time barred. *See* doc. 12 at 13-14. His assertion of "actual innocence" is discussed below. The remainder of his assertions are simply reiterations of his challenges to his conviction. *See id.* Similarly, his Motion for Summary Judgment addresses issues that occurred during his prosecution and appeal. *See generally* doc. 14-1. It does not address any circumstances that could have prevented him filing a timely federal habeas petition. Finally, his belated response to the Respondent's filings does not even assert that he is entitled to equitable tolling. *See generally* doc. 27. Moreover, to the extent that he concedes that he did nothing to pursue his claims between the Supreme Court of Georgia's disposition of his direct appeal and the documents he filed in 2023, it does not appear that he was diligent.

evidence that was not presented at trial, and (2) show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence. *Rozzelle v. Sec'y, Fla. Dept. of Corrs.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (internal quotation marks, alterations, and citation omitted); *see also McQuiggin*, 569 U.S. at 394-95 ("The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows that it is more likely than not that no reasonable juror would have convicted the petitioner." (internal quotation marks, alteration, and citation omitted)). "For purposes of this miscarriage-of-justice-exception, 'actual innocence' means factual innocence, not mere legal insufficiency." *Bembo v. Sec'y Dept. of Corrs.*, 2017 WL 5070197, at *2 (11th Cir. Mar. 30, 2017) (citing *McKay v. United States*, 657 F.3d 1190, 1197 (11th Cir. 2011)). The petitioner bears the burden of showing the exception applies. *See, e.g., McQuiggen*, 569 U.S. at 399.

Although it is clear that Coast asserts his actual innocence, as the Respondent points out, his argument in support of that assertion is unclear. *See* doc. 20-1 at 7-9. Despite the scattershot character of Coast's argument, however, Respondent is correct that he has failed to bear his

burden to show "new evidence" of his alleged innocence. *See id.* at 9. As Respondent points out, Coast argues that the evidence he contends shows his innocence was "lost, hid[, and] not presented" by, among others, his own lawyer. *See* doc. 12 at 5. It remains unclear what evidence, if any, is allegedly "new," *i.e.*, "was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Rivera v. Humphrey*, 2017 WL 6035017, at *11 (S.D. Ga. Dec. 6, 2017) (noting a circuit split and holding," 'new evidence' for purposes of establishing an actual-innocence gateway exception . . . means evidence that was not available at trial and could not have been discovered earlier through the exercise of due diligence." (citation omitted)); *see also, e.g., Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) ("Evidence is only 'new' if it was not available at trial and could not have been discovered earlier through the exercise of due diligence."). *But see, e.g., Bravo v. Attorney General*, 2024 WL 5154034, at *1 (10th Cir. Dec. 18, 2024). Moreover, even assuming Coast contends that some piece of evidence is "new," it is unclear how any of it does anything "more than counterbalance the evidence that sustained the petitioner's conviction." *Rivera*, 2017 WL 6035017, at *10 (quoting *Rozzelle*, 672 F.3d at 1016-17). Coast

characterizes the withheld evidence solely as impeachment. *See* doc. 14-1 at 1 ("My lawyer lost, hid[, and] didn't present key material evidence that would have impeach [sic] the testimony of the only witness that said anything incriminating against me."). That's simply not actual-innocence evidence. *See, e.g., Patterson v. Bartlett*, 56 F. App'x 762, 763-64 (9th Cir. 2002) (finding proffered impeachment evidence "falls far short of meeting the *Schlup* standard."); *see also Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) ("latter-day evidence brought forward to impeach a prosecution witness will seldom, if ever, make a clear and convincing showing that no reasonable juror would have believed [the witness's testimony]."). Coast has, therefore, failed to bear his burden to show he is entitled to the actual-innocence exception to the time bar.

Since Coast's Petition is untimely and he has not borne his burden to show that he is entitled to either equitable tolling or the actual innocence exception, Respondent's Motion to Dismiss should be **GRANTED**. Doc. 20. Coast's Petition should be **DISMISSED**, as untimely. Doc. 12. Since Coast's Petition is untimely, as the Respondent argues, doc. 22 at 3, his Motion for Summary Judgment should be

12

**DENIED**.[4] Doc. 14. As discussed above, the State of Georgia and Warden Ford's Motion to Dismiss them as parties respondent should be **GRANTED**. Doc. 23. Coast's Motion seeking to compel discovery and appoint counsel is **DENIED**. Doc. 24.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy

---

[4] It is unclear whether Coast intended his "amended" Motion for Summary Judgment, doc. 14, to supersede his original Motion, doc. 10. However, the conclusion that Coast's Petition is time-barred precludes the original Motion as well. To the extent that it remains pending, therefore, it should also be **DENIED**. Doc. 10.

on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 27th day of January, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA