IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| JEROME COAST, JR., | |
| Petitioner, | CIVIL ACTION NO.: 4:24-cv-169 |
| v. | |
| STATE OF GEORGIA, et al., | |
| Respondents. | |

**O R D E R**

Before the Court is the Magistrate Judge's January 27, 2025 Report and Recommendation, (doc. 30), to which Petitioner has objected, in part, (doc. 33). After a careful de novo review, the Court agrees with the Magistrate Judge's recommendations. First, Petitioner does not object to the Magistrate Judge's recommendation that the State of Georgia and Benjamin Ford's Motion to Dismiss, (doc. 23), be granted. (See generally doc. 33.) The Report and Recommendation is, therefore **ADOPTED**, (doc. 30, in part), the Motion is **GRANTED**, (doc. 23), and the State of Georgia and Ford are **DISMISSED** as parties respondent. Coast has also filed a renewed request for appointed counsel. (Doc. 32). Since it does not assert any additional bases for the appointment of counsel, it is **DENIED**, (doc. 32), for the reasons explained by the Magistrate Judge in denying Coast's prior Motion, (see doc. 30, pp. 3-4). The Court, therefore, proceeds to consider Coast's objection. (Doc. 33.)

The Magistrate Judge recommended that Respondent Williams' Motion to Dismiss Coast's § 2254 Petition as time-barred be granted. (See doc. 30, pp. 5-13.) The Magistrate Judge first explained that the one-year period for seeking federal habeas relief expired on Coast's 2019

conviction on June 10, 2020. (Id., pp. 5-7.) The Magistrate Judge further explained that Coast's Petition was filed no earlier than September 1, 2023. (Id., p. 8.) Coast objects that the Magistrate Judge failed to acknowledge prior petitions filed in this Court in 2022.[1] (Doc. 33, p. 2.) Coast did file multiple petitions in this Court in 2023, see, e.g., Coast v. State of Georgia, 4:23-cv-312, doc. 7 (S.D. Ga. Dec. 12, 2023) (recommending the consolidation of Coast's multiple petitions transferred to this Court from the Northern District of Georgia), but none of those petitions was filed earlier than September 1, 2023. See Coast v. State of Georgia, 4:23-cv-312, doc. 1, p. 11 (S.D. Ga. Oct. 13, 2023) (signed Oct. 10, 2023); Coast v. Ford, 4:23-cv-314, doc. 1, p. 16 (S.D. Ga. Oct. 20, 2023) (undated); Coast v. Ford, 4:23-cv-315, doc. 1, p. 15 (S.D. Ga. Oct. 20, 2023) (dated Oct. 15, 2023). A review of the Public Access to Court Electronic Records system ("PACER") for "Jerome Coast" does not indicate any habeas petition filed in any federal court in 2022. Regardless of what Coast did or did not file in 2022 or 2023, those filings could not restart the one-year period that he does not dispute expired in 2020. See, e.g., Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); (see generally doc. 33 (omitting any objection to the Magistrate Judge's calculation of the date the one-year period expired).) The Court, therefore, concurs with the Magistrate Judge's conclusion that the instant Motion is untimely. (See doc. 30, p. 8.)

As the Magistrate Judge recognized, an untimely petition may still be considered under certain extraordinary circumstances. (See doc. 30, pp. 8-12.) Coast does not object to the Magistrate Judge's conclusion that there is no basis to find that he is entitled to equitable tolling of the limitations period. (See doc. 30, pp. 8-9; see generally doc. 33 (omitting any discussion of the Magistrate Judge's equitable tolling analysis).) His objections focus on the Magistrate

---

[1] The Magistrate Judge's failure to identify these prior petitions is understandable given that Coast's Petition does not refer to them, (see generally doc. 12), nor does the document titled "Reply [and] Response," (see generally doc. 27). Finally, Respondent's Motion does not identify any of the other petitions. (See doc. 20-1, p. 2.)

2

Judge's analysis of his assertion of "actual innocence."  (See generally doc. 33.)   The Magistrate Judge correctly explained, and Coast does not dispute, that "to invoke [the actual-innocence exception], the petitioner must (1) present new reliable evidence that was not presented at trial, and (2) show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt in light of the new evidence."  (Doc. 30, pp. 9-10 (citing Rozzelle v. Sec'y Fla. Dept. of Corrs., 672 F.3d 1000, 1011 (11th Cir. 2012)).)   The Magistrate Judge explained that Coast had failed to bear his burden to present any "new evidence."  (Id., pp. 11-12.)   Coasts Objection also fails to identify any new evidence that was not available during his trial.  (See generally doc. 33.)   The Court, therefore, concurs with the Magistrate Judge's conclusion that Coast has failed to bear his burden to show that his untimely Petition may be considered.  See, e.g., McQuiggin v. Perkins, 569 U.S. 383, 399 (2013).

Accordingly, after a careful de novo review, the Court concurs with the Magistrate Judge's analysis of the timeliness of Coast's Petition.  The Report and Recommendation is, therefore, **ADOPTED**.  (Doc. 30, in part.)   Respondent's Motion to Dismiss is, therefore, **GRANTED**, (doc. 20), and Coast's Petition is **DISMISSED** as untimely, (doc. 12).   Given that his Petition is untimely, Coast's Motion for Summary Judgment is also **DENIED**.   (Doc. 14.)

Applying the Certificate of Appealability (COA) standards, which are set forth in Brown v. United States, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); see Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on

appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal is likewise **DENIED**. 28 U.S.C. § 1915(a)(3). The Clerk is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 24th day of February, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA