IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JEROME COAST, JR.,

    Petitioner,

v.

STATE OF GEORGIA; BENJAMIN FORD; and WARDEN JOSEPH WILLIAMS,

    Respondents.

CIVIL ACTION NO.: 4:24-cv-169

# **O R D E R**

Petitioner initiated this action by filing a Petition (and later an Amended Petition) for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging various aspects of his state criminal case. (Docs. 1, 12.) The Magistrate Judge reviewed the Amended Petition and recommended that it be dismissed as untimely. (Doc. 30.) The Magistrate Judge explained that the one-year period for seeking federal habeas relief expired on Coast's 2019 conviction on June 10, 2020. (Id. at pp. 5–7.) The Magistrate Judge further explained that Coast's Petition was filed no earlier than September 1, 2023. (Id. at p. 8.) Petitioner filed objections to the Magistrate Judge's recommendation. (Doc. 33.) The Court reviewed the objections and addressed them in its adoption Order on February 24, 2025. (Doc. 34.) The Court specifically addressed, at length, Petitioner's claim that he had filed prior petitions in this Court and the Court again refuted his claim that his Petition in this case was timely. (Id. at pp. 1–2.) The Court also addressed Petitioner's assertion of "actual innocence," explaining that, even in his objections, Petitioner had failed to identify any new evidence that was not available during his trial. (Id.) Finally, the Court

applied the Certificate of Appealability ("COA") standards as set forth in <u>Brown v. United States</u>, 2009 WL 307872 at *1–2 (S.D. Ga. Feb. 9, 2009), and "discern[ed] no COA-worthy issues at this stage of the litigation." (<u>Id.</u> at p. 3.) The Court thus held that no COA should issue. (<u>Id.</u>) A judgment of dismissal was entered, and the case was closed on February 25, 2025. (Doc. 35.)

On March 20, 2025, Petitioner filed a "Motion to Alter or Amend the Judgment." (Doc. 36.) Therein, he sought relief pursuant to Federal Rule of Civil Procedure 59(e) and argued that he had "state[d] all the evidence that was not presented at trial," but he said that this evidence "was available but [his] trial lawyer said he . . . couldn't find it on the day the state's star witness was suppose[d] to testify" and the lawyer refused to request copies from the district attorney. (<u>Id.</u> at p. 1.) While he did not describe the evidence at all, Petitioner urged that he could show that "it is more likely than not that no reasonable juror would have found [him] guilty in light of the new evidence." (<u>Id.</u> at p. 2.) He also quibbled with the Court's finding that his Petition was untimely, claiming that he had more than four years (as opposed to one year) from the date his conviction became final to file his Petition. (<u>Id.</u> at p. 2.)

In the Order denying the Motion to Alter or Amend the Judgment, the Court summarized the grounds upon which the Petition had been dismissed and also discussed the applicable law for Rule 59(e) motions, emphasizing the high bar set for movants to show entitlement to such drastic relief. (Doc. 41.) The Court held that Petitioner had again failed to identify or describe the evidence that he claimed his attorney could not find during his trial, and thus "even if the evidence could qualify as 'new' in order to potentially warrant reconsideration of his actual innocence assertion, Petitioner ha[d] not provided the Court with any basis for finding that no reasonable juror would have found him guilty beyond a reasonable doubt in light of that evidence." (<u>Id.</u> at p. 3.) The Court also rejected Petitioner's claim that his Petition was not actually time-barred, as

2

Petitioner had not shown any legal basis for such a determination. (Id.) Accordingly, the Court denied the Motion to Alter or Amend the Judgment. (Id. at p. 4.) The Court, however, did not rule on whether Petitioner was entitled to a COA to appeal the denial of the Motion. Petitioner has appealed and moved for a COA as to the Order. (See doc. 43.)

The decision to issue a Certificate of Appealability requires "an overview of the claims . . . and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a Certificate of Appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. at 327. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court, having reviewed Petitioner's arguments in his Motion to Alter or Amend the Judgment, discerns no COA-worthy issues at this stage of the litigation. Petitioner's Motion merely repackages the same arguments he has previously made (and which the Court has previously soundly rejected) about evidence that was allegedly lost by his trial attorney. Additionally, the Motion argues—without any legal support—that the Court has applied the wrong statutory deadline for his Petition. These do not meet the threshold requirements to merit issuance of a COA.

In light of the foregoing and for the reasons detailed in the Order on the Motion to Alter or Amend Judgment, (doc. 41), the Court again **DENIES** Petitioner a Certificate of Appealability.

The Court **DIRECTS** the Clerk of this Court to promptly provide a copy of this Order to the Clerk of the Eleventh Circuit Court of Appeals.

**SO ORDERED**, this 22nd day of December, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA